J. Leon Altemose and Roger D. Altemose, Plaintiffs, *v.* The Pennsylvania Higher Education Facilities Authority and W. Stuart Helm, Executive Director, and Northeastern Christian Junior College, Defendants.

Argued September 10, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John C. Butera,* with him *Clarke F. Hess, Charles B. Zwally, Butera & Detwiler* and *Shearer, Mette and Hoerner,* for plaintiffs.

*Richard L. Kearns,* Chief Counsel, for defendants.

OPINION BY JUDGE MENCER, October 3, 1973:

J. Leon Altemose and Roger D. Altemose (Altemose) filed exceptions to the Opinion and Decree Nisi of this Court reported as *Altemose v. The Pennsylvania Higher Educational Facilities Authority*, 7 Pa. Commonwealth Ct. 596, 300 A. 2d 827 (1973). We there dismissed Altemose's complaint in equity and held that specifications or conditions in contracts advertised for bids by a public agency must not be so vague or uncertain as not to provide a common standard for bidders. We further concluded that a contract condition requiring a successful bidder on a public contract to provide protection by watchmen of the property at the construction site, *if necessary*, was a proper specification and not incompatible with the principle of open, fair, and uniform competitive bidding.

We have carefully considered Altemose's exceptions and find them to be without merit. Altemose now complains that we made mention in our opinion of the labor problems encountered by Altemose Construction Company, although the evidence relative to such labor problems was introduced solely by Altemose. Nevertheless, we are satisfied that our Decree Nisi was not based on a consideration of such labor unrest but rather on a determination that the challenged specifications were not too vague and uncertain to provide a common standard for all bidders.

Altemose further contends that we failed to consider alternate methods of providing security for protection of property at the construction site. However, a taxpayer suit is not for the purpose of redrafting public contracts but rather to make certain that the specifications offered to the bidding public are compatible with the principle of open, fair and uniform competitive bidding.

Accordingly, we make the following

ORDER

AND NOW, this 3rd day of October, 1973, the exceptions filed to the Opinion and Decree Nisi dated February 28, 1973 are dismissed, the Decree Nisi is affirmed, and the Prothonotary shall enter the Decree Nisi as a final decree.